United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OCEAN NETWORK EXPRESS (NORTH AMERICA), INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-1734 |
| PACIFIC LUMBER RESOURCES, INC., *et al.*, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case arises from a shipment of plywood from Brazil to Texas. Ocean Network Express (North America) Inc. and Ocean Network Express Pte. Ltd. ("ONE") shipped the plywood to Pacific Lumber Resources, Inc., the consignee, under two bills of lading. The plywood arrived at the Port of Houston in November 2018, and Pacific Lumber picked it up in late January 2019. ONE sued in May 2020, alleging nonpayment of over $200,000 in charges relating to the bills of lading. Pacific Lumber counterclaimed for $6,840, plus attorneys' fees, alleging that ONE was negligent and breached the bills of lading by failing to timely release the plywood, delaying Pacific Lumber's ability to sell it. ONE moved to dismiss the counterclaim because it was filed after the one-year limitations period under the Carriage of Goods by Sea Act and the bills of lading. (Docket Entry No. 40). Pacific Lumber responded by filing an amended answer that removed "all counterclaims except that requesting a right to attorney fees should its defense prevail," and that voluntarily dismissed "remaining counterclaims for breach of contract and negligence without prejudice pursuant to FRCP 41." (Docket Entry No. 42).

ONE replied, stating that the amended answer did not do what Pacific Lumber had agreed to do. The amended answer set out an "affirmative defense" of a right to a setoff from ONE's alleged negligent failure to timely release the shipments for pickup, preventing Pacific Lumber from being able to make timely sales. The amended answer alleged that any amount ONE recovered had to be reduced by the damages from ONE's negligence. And the amended answer retained a counterclaim for attorney's fees "to the extent there is a contractual or statutory right." ONE argues that this simply "repackages" the damages and fees counterclaims and reasserts them, and asks the court to enter an order dismissing them, with prejudice. (Docket Entry No. 44).

The court agrees with ONE. Pacific Lumber's claim for the damages "setoff" for negligence and breach of contract is dismissed, with prejudice, along with any related claim for attorney's fees, as barred by limitations.

ONE's motion to dismiss counterclaims, (Docket Entry No. 40), is granted.

SIGNED on December 4, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge