United States District Court
Southern District of Texas
**ENTERED**
September 15, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OCEAN NETWORK EXPRESS (NORTH AMERICA), INC., *et al.*, | § § § |
| Plaintiffs, | § § |
| VS. | § § § CIVIL ACTION NO. H-20-1734 |
| PACIFIC LUMBER RESOURCES, INC., *et al.*, | § § § § § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

This case arises from a shipment of plywood from Brazil to Texas. Ocean Network Express (North America) Inc. and Ocean Network Express Pte. Ltd. shipped the plywood to Pacific Lumber Resources, Inc., the consignee, under two bills of lading. The plywood arrived at the Port of Houston in November 2018, and Pacific Lumber picked it up in late January 2019. (Docket Entry No. 20 at ¶¶ 14, 17–19). The delay in pickup was due to a "commercial dispute" between "Pacific Lumber, South Service, Evolution, Greatway, AGL Transportes and/or AGL Cargo." (*Id.* at ¶ 20). During the dispute, the cargo was held at the Port of Houston and accrued "demurrage/storage/freight charges payable pursuant to the terms and conditions of both of the bills of lading." (*Id.*). The Port of Houston invoiced Ocean Network, the ocean carrier, for the costs. Ocean Network paid the Port of Houston and invoiced Pacific Lumber in January 2019. (*Id.* at ¶ 21). Pacific Lumber did not pay, nor did South Service, Evolution, Greatway, AGL Transportes, or AGL Cargo. (*Id.* at ¶ 22).

Ocean Network sued Pacific Lumber, South Service, Evolution, Greatway, AGL Transportes, and AGL Cargo in May 2020, alleging nonpayment of over $200,000 in charges

relating to the bills of lading. (Docket Entry No. 1 at ¶ 20–21). Greatway counterclaimed for attorney's fees. (Docket Entry No. 46 at 13). Ocean Network moved to dismiss Greatway's counterclaim because it was filed after the one-year limitations period under the Carriage of Goods by Sea Act and the bills of lading. (Docket Entry No. 66 at 2–3). The court granted Ocean Network's motion to dismiss, (Docket Entry No. 67), and Greatway moved for reconsideration, (Docket Entry No. 68).[1] Greatway moved for a stay pending resolution of its complaint against Ocean Network before the Federal Maritime Commission, (Docket Entry No. 73). The court ruled before receiving all the briefs. Having now considered the motion to dismiss de novo based on the full submissions, including the additional briefing, the court denies the motion for reconsideration of the analysis or outcome, and denies the motion for a stay. The reasons are explained below.

I.  **Motion for Reconsideration**

   A.  **The Legal Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). "A motion asking the court to reconsider a prior ruling is evaluated" as a motion to alter or amend a judgment under Rule 59 if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quotation marks omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to

---

[1] Ocean Network moved for leave to file surreply to Greatway's motion for reconsideration, (Docket Entry No. 71). This motion is granted.

raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. "The Rule 59(e) standard favors the denial of motions to alter or amend a judgment." *Willbern v. Bayview Loan Servicing, L.L.C.*, 842 F. App'x 865, 869 (5th Cir. 2021) (per curiam) (citing *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). A party moving for this relief must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., L.L.C. v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717–18 (E.D. La. 2018).

### B. The Motion to Dismiss the Attorney's Fees Claim

Greatway argues that the court committed legal error by dismissing its claim for attorney's fees with prejudice. Federal courts apply the "American Rule" that "litigants are responsible for their own fees," *Moench v. Marquette Transportation Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 595 (5th Cir. 2016), "absent *express* statutory authorization to the contrary," *Boehms v. Crowell*, 139 F.3d 452, 463 (5th Cir. 1998). "In a federal question action, attorney's fees and costs are appropriately awarded where a federal statute provides for recovery of attorney's fees." *In re Gervin*, 300 F. App'x 293, 301 (5th Cir. 2008). Courts may "assess fees as sanctions when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Moench*, 838 F.3d at 595.

Greatway cited no authority to support its counterclaim. (Docket Entry No. 46 at 13). A boiler-plate request for attorney's fees is insufficient to invoke a federal statutory basis for attorney's fees. *Cf. In re Hot-Hed Inc.*, 477 F.3d 320, 325 (5th Cir. 2007) (finding lack of subject matter jurisdiction because the "boiler-plate" request for fees "as allowed by law" was insufficient to present a federal question). Gateway urges that its claim does not fall under the Carriage of Goods by Sea Act, (Docket Entry No. 74 at 11), and nor could it argue that it does. There is no statutory authorization for attorney's fees in the Carriage of Goods by Sea Act. *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 730 (5th Cir. Unit A 1980).

Greatway argues that its counterclaim was instead based on a "violation of the Shipping Act, or Texas Deceptive Trade Practices-Consumer Protection Act . . . , or from common law principles, such as abuse of process." (Docket Entry No. 68 at 3). The Shipping Act and the Texas Deceptive Trade Practices-Consumer Protection Act permit only prevailing parties to recover attorney's fees. 46 U.S.C. § 41305(e); TEX. BUS. & COM. CODE § 17.50(d). Greatway did not assert claims under these statutes. It cannot prevail on claims that it did not raise. Greatway's abuse of process theory is unpersuasive because Greatway has not alleged that Ocean Network "knowingly or recklessly raise[d] a[n objectively] frivolous argument, or argue[d] a meritorious claim for the purpose of harassing an opponent." *Moench*, 838 F.3d at 595 (quoting *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 & n.4 (5th Cir. 2015)). And Greatway concedes that it did not have a contractual basis for attorney's fees. (Docket Entry No. 74 at 10).

Greatway has not provided a basis for attorney's fees, so it has not met its burden of showing that the court's decision was in error. Because amendment would be futile, dismissal with prejudice was appropriate. *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 345 (5th Cir. 2021). Greatway's motion for reconsideration is denied.

## II.     Motion to Stay Judgment

"A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). "In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) potential prejudice to plaintiffs from a brief stay; (2) hardship to defendants if the stay is denied; and (3) judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Alexander v. Convergent Outsourcing, Inc.*, 16-CV-3318, 2017 WL 1383627, at *1 (S.D. Tex. Apr. 18, 2017) (citing *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015)).

Greatway urges that a stay is necessary to allow for the Federal Maritime Commission to decide the merits of its Shipping Act claim against Ocean Network. (Docket Entry No. 73 at 4). As explained above, Greatway did not raise a claim under the Shipping Act in this case. The court's decision will not affect the efficient resolution of the claims before the Federal Maritime Commission. Greatway argues that it will suffer hardship by managing two proceedings, but Greatway initiated the second proceeding rather than filing additional counterclaims in this court.

Greatway's motion to stay is denied.

SIGNED on September 15, 2021, at Houston, Texas.

                                                                              _____
                                                                              Lee H. Rosenthal
                                                                              Chief United States District Judge